DOHERTY, Respondent, vs. WING, Appellant.

*September 14—October 5, 1909.*

*Fraud: Pleading: Collateral security: Banks.*

A complaint alleges that plaintiff agreed to transfer a note and mortgage to a bank as collateral security for loans, that defendant, the cashier of the bank, by fraudulent statements that it was an assignment as collateral security only, obtained from plaintiff an assignment in form absolutely transferring the note and mortgage to defendant, and that defendant refuses upon demand to surrender such securities; and in effect admits that the loans have not been repaid. *Held,* that no actionable fraud against plaintiff is shown, but simply that his note and mortgage are held by the defendant for the bank as collateral security; and until the loans are repaid defendant is entitled so to hold them.

APPEAL from an order of the circuit court for La Crosse county: MARTIN L. LUECK, Judge. *Reversed.*

The complaint in this action alleges that the plaintiff was the owner and holder of a note of the face value of $6,400, upon which there was due and unpaid $4,960, and that the° note was secured by a mortgage of equal value. August 20, 1906, plaintiff went to the Batavian National Bank in the city of La Crosse, of which the defendant is cashier, and secured a loan from the bank of $1,000. He gave the bank as security for the payment of the loan an assignment of the note and mortgage. Subsequently he obtained $2,000 more from the bank upon the same security. Plaintiff alleges that the defendant *Wing,* as cashier of the bank, stated that the assignment of the note and mortgage was solely and only for the purpose of securing these loans, that it was an assignment as collateral security and was not an absolute sale thereof, but that he signed an absolute conveyance of the note and mortgage in favor of the defendant because he was deceived through his false and fraudulent representations. After learning of said false and fraudulent representations of the

defendant, plaintiff demanded the return of the note and mortgage, but the defendant refuses to return them and is alleged to have converted them to his own use. The complaint alleges that the plaintiff through such fraudulent representations respecting the assignment of the note and mortgage has been defrauded by the defendant of the note and mortgage, and he demands judgment for the difference between the value of the note and the mortgage and the sums received by him from the bank. This is an appeal from the order of the court overruling a general demurrer to the complaint.

For the appellant there was a brief by *Higbee & Higbee,* and oral argument by *J. E. Higbee.* To the point that a pledgee cannot be held for a conversion of the pledge without a payment or tender of the indebtedness for which the pledge is held, they cited *Lewis v. Mott,* 36 N. Y. 395; *Talty v. Freedman's S. & T. Co.* 93 U. S. 321, 326; Cooley, Torts (2d ed.) 531; Jones, Pledges, § 571.

For the respondent the cause was submitted on the brief of *F. E. Withrow,* attorney, and *C. L. Hood,* of counsel. They cited *Meyer v. Doherty,* 133 Wis. 398; 20 Cyc. 87, note 83 and cases cited; *Pryor v. Foster,* 130 N. Y. 171; *Gould v. Cayuga Co. Nat. Bank,* 99 N. Y. 333; *Hurlbert v. T. D. Kellogg L. & M. Co.* 115 Wis. 225; *Miller v. Hackbarth,* 126 Wis. 50, 52; *Kruse v. Koelzer,* 124 Wis. 536, 542.

SIEBECKER, J.   The trial court held that the facts alleged constituted a cause of action against the defendant for a fraud perpetrated upon the plaintiff. In determining the effect of the complaint the alleged facts must be separated from the alleged conclusions inferable from such facts. The allegations of fact are that the plaintiff applied to the bank for two loans of $1,000 and $2,000, respectively, and offered to secure repayment thereof by transferring note and mortgage as collateral; that the defendant, with whom he

Doherty v. Wing, 140 Wis. 227.

negotiated these loans, was the cashier of the bank; that it was agreed that the plaintiff was to transfer the note and mortgage to the bank as collateral to secure these loans; that the defendant wrongfully obtained from the plaintiff a written assignment which, in form, absolutely transfers the note and mortgage to the defendant; and that the defendant refuses upon demand to surrender them to the plaintiff. In effect the plaintiff also admits that he has not repaid the loans. The plaintiff asserts that under these conditions he is damaged because the defendant holds the note and mortgage under this written assignment.

It is evident that if the defendant holds the note and mortgage as collateral for the repayment of the amount of the loans he is entitled under this assignment to retain them until the loans are fully repaid. Plaintiff confesses that the loans remain unpaid. The full effect of the allegations of the complaint is that the transfer of the note and mortgage to the defendant by the plaintiff under the written assignment operates to transfer them as collateral to secure the payment of the loans to the bank. The fact that the assignment was taken in the name of the defendant, who is the bank's cashier, in no way destroys it as security for the benefit of the bank. The result is that the note and mortgage are held by the defendant for the bank as collateral to secure the payment of the loans. Under these circumstances no fraud has been committed against the plaintiff, and the defendant is entitled to retain the security until the loans have been paid. The complaint does not state a cause of action.

*By the Court.*—The order overruling the demurrer is reversed, and the cause remanded with directions to enter an order sustaining the demurrer, and for further proceedings according to law.